ESTATE OF PATTERSON : HINDS, Appellant, vs. CALDOW, Administrator, and others, Respondents.

*May 5—June 20, 1927.*

*Executors: Claims against estates: Hearing: Rights of guardian ad litem: Appeal: Reversal upon confused record.*

1. In proceedings for the allowance of a claim against the estate of a deceased person where no findings of fact or conclusions of law were filed and the record was in hopeless confusion, the appellate court will not determine the merits, but will reverse the judgment and remand the cause for a trial *de novo.* p. 394.
2. In such a proceeding the guardian *ad litem* for minors interested may be permitted to appear and be heard, but he has no right to control the trial. p. 394.

APPEAL from a judgment of the county court of Columbia county: A. F. KELLOGG, Judge. *Reversed, with directions.*

For the appellant there were briefs by *Andrews & Palmer* of Lodi, and oral argument by *H. E. Andrews.*

For the respondent *Caldow* there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *Norman Quale.*

*David Bogue* of Portage, guardian *ad litem,* for the respondent *LaVerne Patterson.*

ROSENBERRY, J. In the year 1922 Bert Patterson, a resident of Columbia county, died intestate. In due time an administrator of his estate was appointed and a time fixed within which claims against the estate might be filed and presented. Claimant herein filed a claim based upon a promissory note for $1,300 dated November 11, 1908, payable one year after date, with interest at six per cent. Upon the back of the note the following indorsements appear:

"$5 Rec'd on the within five dollars, Nov. 10, 1914.

"$500 Rec'd on the within five hundred dollars, July 6, 1918."

Objection was made to the claim on the ground that it was barred by the statute of limitations. Various proceedings were had before the county court. The following recital is contained in the opinion of the court:

"A hearing was had on this claim January 8, 1925, and at that time, proof being insufficient, the court announced that the matter would be held open until January 21st to permit claimant to furnish further proof if he had anything further to submit. On the 11th of February a deposition purporting to have been taken before Erma C. Miller, register in probate for Sauk county, containing testimony of Mrs. A. H. Hinds, Mrs. Bert Patterson, and *A. H. Hinds,* was received from Miss Miller and filed. No reason, statutory or otherwise, for taking this deposition appears upon the record and the deposition is not signed by the witnesses nor certified to by the person before whom it was taken. Mr.

Bogue, the guardian *ad litem* for the minors interested, was not notified of the purpose to take the deposition, was not present at the hearing, and now objects to its consideration by the court. Under the circumstances I do not think this purported deposition should be received in evidence. However, the deposition has been carefully read by the court, and the court is of the opinion that the claim would have to be disallowed if the deposition were received."

This memorandum was filed December 8, 1925. There appears to have been a further hearing on April 24, 1926, and a further memorandum was filed as follows:

"I think the former opinion of the court disallowing the claim of *A. H. Hinds* must be confirmed. There is no evidence directly connecting any payment made with the note in question, and, with the burden of proof upon the claimant, I think this fatal to recovery."

It is claimed here that the first opinion or memorandum amounted to a judgment, and on the other side it is contended that it did not. No findings of fact or conclusions of law were ever filed and the record is in a hopeless state of confusion, and it is considered that the rights of the parties ought not to be determined upon the record as it stands. This is a simple case, and there is no reason why it should not be tried in an orderly, lawyerlike manner and a proper record made upon which the rights of the parties may be finally determined.

The guardian *ad litem* no doubt may be permitted to appear and be heard. He has no right to control the trial. His rights upon the trial are described in *Estate of Koch,* 148 Wis. 548, 134 N. W. 663.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded with directions to the county court of Columbia county to fix a time and place for trial *de novo* of the issue at which a proper record may be made.